Robinson, J.
 

 The controlling question in this case is whether the written contract, plus the agreements for additions to and subtractions from the plans and specifications, is entire or separable; and
 
 *111
 
 the contrary judgments rendered by the trial court and the Court of Appeals are due to those courts having reached different conclusions upon the subject of the divisibility of the contract.
 

 Manifestly, if the contract is entire there could not be substantial performance, under the following finding of fact of the special master: ‘ ‘ The concrete for the walls and roof had been poured, but no roofing had been put on the roof. Conduits for electric wires had been installed but no wires had been strung through the conduits. A portion of the metal lath had been set in place for the plastering, but no plastering had been done anywhere in the building. Kalomein doors and the rolling steel doors, together with the steel transoms for the front of the garage, which were included in the contract by virtue of the plans and specifications, were on the building site, but had not been installed nor set in place. There was no glass in any of the windows above the cellar, nor in the skylight. The west wall of the office had not been completed. At the time the plaintiff stopped work, this west wall of the office consisted of channel upright wires only. The rolling steel doors and kalomein doors were sometime subsequent to November 5, 1925, removed from the building site by the plaintiff. The wiring, roofing, plastering and office wall, also were all required by the contract, plans and specifications to complete the building” — notwithstanding the special master’s conclusion of law that the contractor had substantially complied with its contract.
 

 We have no difficulty in reaching the conclusion that the written contract required the construction of a garage according to the plans and specifica
 
 *112
 
 tions, for an npset price of $13,935, and that it prescribed the rule for determining the price to be paid for every addition to the plans and specifications, and the rule for determining the sum to be deducted for subtractions from the plans and specifications.
 

 Were it not for the fact that the owner exercised his right to add to and subtract from the plans and specifications, and thereby changed the upset price for the completed building by adding thereto the cost of separate items of such construction, and by subtracting therefrom the cost of separate items authorized by him to be omitted from the plans and specifications, no question of the divisibility of the contract could arise, for the original contract, plans and specifications called for a completed building, for a given price, no part of which price, was apportioned or apportionable to any item or separate part of the construction; but the single price constituted the consideration for the job as a whole.
 

 The provisions for additions to, changes in, and omissions from the plans and specifications contained a rule whereby the price of an authorized deviation from the plans and specifications was to be determined, which was to be added to or subtracted from the original consideration for the construction. But it is significant that no provision was there made for a subtraction for an unauthorized omission by the contractor. Does the fact that the contract authorized additions to and omissions from the plans and specifications, at a price or prices ascertainable by a rule created in the contract, render the contract as a whole divisible? If so, what proportion of the consideration price paid to the contractor in installments shall be credited to the original and entire
 
 *113
 
 contract, and wliat proportion shall be credited to the authorized additions thereto, and where shall the credit for authorized omissions be made?
 

 Had the parties to this contract, in their dealings with each other in reference to the contract, treated the authorized additions and authorized omissions as separate transactions, and rendered their bills and made their payments accordingly, and had the pleader in his pleadings in this case pleaded his cause of action separately with reference to the original contract and with reference to the additions and subtractions therefrom, and had the master apportioned the payments to the original contract and to the several additions thereto and subtractions therefrom, this court probably would have adopted the parties’ own interpretation of their own contract; but since they did not do so, but on the contrary intermingled labor and material in the construction provided for in the original contract, and in the construction provided for by additions to the contract, as though they were operating under a single contract, and rendered their bills and made their payments, and pleaded their cause and tried their case in the same manner, we will adopt their own interpretation in that respect; and since manifestly the additions to and subtractions from the original contract would not have been made but for the purpose of accomplishing the performance of the original contract, namely, the construction of a garage, we will not permit the additions and subtractions, which were divisible but authorized by the indivisible contract, to convert the original entire contract into a contract for labor by the day and material by the piece.
 

 We do not regard the provision in the original
 
 *114
 
 contract for payment in installments as in any way tending to characterize the original contract as separable, since the amount of each installment was made dependent upon the actual expenditure for labor and material put in the building up to the first day of each month, and not dependent upon the completion of any separable portion of the building. Nor do we regard as significant in this case the fact that the defendant subsequently occupied the building for the purpose for which it was originally intended, since at the time the plaintiff breached the contract it was not so far completed as to permit of such occupancy, and it was only rendered tenantable by the expenditure of a comparatively large sum of money and extensive construction by the owner.
 

 We therefore are compelled to hold that the original contract and the plans and specifications, plus the additions thereto and the omissions therefrom, constituted an entire contract; that the contractor breached the contract; that there was no substantial performance of the contract; and that the rule laid down in
 
 Witherow
 
 v.
 
 Witherow,
 
 16 Ohio, 238,
 
 Allen
 
 v.
 
 Curles,
 
 6 Ohio St., 505, and
 
 Larkin
 
 v.
 
 Buck,
 
 11 Ohio St., 561, applies; and that the Court of Appeals was in error in applying to the facts of this case the rule laid down in
 
 Goldsmith
 
 v.
 
 Hand, Assignee,
 
 26 Ohio St., 101.
 

 The judgment of the Court of Appeals will be reversed and that of the court of common pleas will be affirmed.
 

 Judgment of the Court of Appeals reversed and that of the Common Pleas affirmed.
 

 Marshall, C. J., Kinkade, Jones, Matthias and Allen, JJ., concur.