PAUL F. COTTY *vs.* DOROTHEA R. MEISTER.

Plymouth. December 5, 1958. — May 14, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Evidence,* Extrinsic affecting writing.

In an action by a builder who had built a house for the defendant under a written contract stating a lump sum price and providing that the "carport [was] to be finished as an extra room," without specification as to the manner in which the extra room was to be built, and who sought to recover a sum in addition to the lump sum price for work in building the extra room, it was error to exclude evidence offered by the defendant to show that before the written contract was signed the plaintiff had been told how the defendant wanted the extra room built and that the plaintiff had "agreed to do the entire job within the [lump sum] contract price."

CONTRACT. Writ in the Second District Court of Plymouth dated October 19, 1956.

Upon transfer of the action to the Third District Court of Plymouth it was heard by *Feinberg, J.* The defendant appealed from an order by the Appellate Division dismissing a report after a finding for the plaintiff.

*Cortland A. Mathers*, for the defendant.

*Harold J. Betzold, Jr.*, for the plaintiff.

COUNIHAN, J. This is an action of contract brought in a District Court in which the plaintiff seeks to recover $568 for extras on account of work, labor and materials furnished the defendant in connection with a written contract to build a dwelling house for her, plus $31.24 for interest.

In the report to the Appellate Division which was established by a judge other than the special justice before whom the action was tried, it appears that there was evidence that in July, 1955, the plaintiff entered into a written contract with the defendant to construct a house on Union Street in Rockland for the sum of $15,250. This contract was in evidence but is not before us. The findings of the trial judge showed that a reference to a "beauty parlor" was struck out before the contract was signed. The troublesome clause in the contract, in so far as it appears in the report, is "carport to be finished as extra room." The report showed that there were no specifications in the contract nor any other directions as to the manner in which the "extra room" was to be finished. The report showed that the defendant wanted a house like the "model house she had looked at" which belonged to the plaintiff and that "the carport was to be finished as an extra room."

There was no description of the "carport" in the report and no dictionary description of a "carport" has been brought to our attention. However, it seems to be a matter of common knowledge that an ordinary "carport" is a sort of a lean-to against the side of a house with a roof or covering over it which rests on several poles. Three sides of the "carport" are open. Sketches or photographs of a "carport"

are frequently shown in newspaper advertisements of sales of houses in new developments of real estate.

The plaintiff testified that when the contract was signed he did not understand that the "extra room" was to be used as a beauty parlor. There was further evidence that the plaintiff did the work which he now claims was an extra and that the defendant paid him the contract price of $15,250.

One Jenkins, who originally brought the plaintiff and the defendant together, was called as a witness by the defendant. He testified without objection that he had talked with the plaintiff before the contract was signed. He was asked in direct examination, "Will you tell us what conversation you had with . . . Cotty, relative to what he was to build with respect to the beauty parlor." Upon objection of the plaintiff this question was excluded. Thereupon the defendant made an offer of proof that the witness would answer that he "explained to . . . Cotty that Mrs. Meister wanted the extra room closed off from the main house, with a separate front and rear entrance, a picture window in front, a lavatory and a rear exit from the main house, with a walk running from the house rear exit to the rear exit of the extra room, which was to be the beauty parlor, and . . . Cotty agreed to do the entire job within the contract price of" $15,250.

The defendant requested that the ruling excluding the question be reported to the Appellate Division. The Appellate Division after hearing found no error and dismissed the report. The defendant appealed. This ruling on evidence presents the only issue before us. We are of opinion that there was error.

In Williston on Contracts (Rev. ed.) § 630, it is said in substance that the parol evidence rule makes ineffectual the intention of the parties unless the written contract is not a complete integration of the parties' agreement and the oral agreement is intended to retain an independent collateral existence. In § 636 it is further said, "The parol evidence rule assumes agreement upon the writing in question as a

complete statement of the bargain, that is, as an integration. If the parties never adopted the writing as a statement of the whole agreement, the rule does not exclude parol evidence of additional promises." See Restatement: Contracts, § 239.

It is plain that the written contract in the instant case as it is described in the report is incomplete for no specifications nor any description of the manner in which the "carport" was to be finished as an extra room was set forth. *Kelly* v. *Arnold*, 326 Mass. 611, 615, and cases cited.

Because there was error in the exclusion of the question, the order of the Appellate Division dismissing the report must be reversed and the action must be remanded to the District Court for a new trial.

*So ordered.*