JOSEPH L. CAPUTO *vs.* CONTINENTAL CONSTRUCTION CORPORATION.

Middlesex. November 2, 1959. — December 7, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Evidence*, Extrinsic affecting writing. *Contract*, What constitutes Performance and breach.

Letters written by a subcontractor to the general contractor on a public construction project and accepted in writing by the general contractor, stating only certain things to be furnished or furnished and installed by the subcontractor and the prices therefor, did not express the entire contract between the parties, and, in an action of contract by the subcontractor against the general contractor based on such letters, extrinsic evidence was admissible to show that previous to the letters the defendant had "stressed" to the plaintiff the necessity of speed in completing the project to enable the defendant to take advantage of a bonus clause in his general contract and the parties had agreed on a certain manner of payment of the plaintiff and on certain insurance to be carried by the plaintiff, and that the plaintiff had so delayed the completion of the project as to cause the defendant to lose his bonus.

CONTRACT. Writ in the Superior Court dated July 13, 1955.

The action was tried before *Fairhurst,* J.

*Lawrence H. Adler,* (*Fred Ross* with him,) for the defendant.

*Allan R. Kingston,* for the plaintiff.

SPALDING, J.  The defendant, as general contractor, entered into a contract with the Commonwealth for the repair and construction of the French King Bridge.  Thereafter subcontracts for certain work and materials for the bridge were made by the plaintiff and the defendant.  The plaintiff seeks in this action to recover for labor and materials furnished to the defendant under three contracts.  This action was tried with a cross action brought by the defendant to recover damages for alleged breaches of contracts by the plaintiff.  The judge found for the plaintiff in the original action and the case is here on the defendant's exceptions.

The question for decision arises out of a ruling on evidence which occurred in these circumstances.  The contracts which are the basis of counts 1, 2, and 3 are three letters which are set forth below.[1]  The defendant sought to show through

---

[1] "March 28, 1955

Continental Const. Co.
437 Main St.
Lynnfield, Mass.

Re: French King Bridge
Erving — Gill

Gentlemen:
Confirming our verbal agreement, we will furnish and deliver in accordance with plans, f.o.b. above job for the sum of twenty seven thousand five hundred ($27,500.00) dollars the following items:
    16 Scuppers
        Curb plates
        anchor bolts & lead sheets for fence
        New expansion joints
     1 steel ladder
        catwalk & gratings
We will erect:
        Angles only, adjacent to scuppers.
        Curb plates in one operation, after the reinforcing for curb is installed by you, to which we will attach the curb plates.
        Removing & re-erecting fence and we expect to lash this fence to fence on opposite side.
        One steel ladder.
        Catwalk complete in one operation after concrete deck has been removed by you.
We do not install:
        Scuppers
        Anchor bolts for fence

Ragone, its president, conversations with the plaintiff prior to March 28, 1955, the date of the first of the three letters. This evidence was objected to by the plaintiff but the judge

Approach half of expansion joints
No field painting.

Very truly yours,
Builders Iron Works
[Signed] Joseph L. Caputo

JLC/lg
We accept the above
Continental Const.   By [Signed] Joseph G. Ragone, Pres."

"May 6, 1955

Continental Construction Company
437 Main Street
Lynnfield Center. Mass.
Attention: Mr. Ragone

Gentlemen:
As per our recent telephone conversation we informed you that we have located 8 x 4 angle stock for the catwalk from a stock supplier.   Due to additional weight and price factors an additional $950.00 is required to facilitate purchase of this material.
It will advance delivery at least 30 days.   At your recommendation and agreement to pay this additional sum we have placed an order for the above. Please sign one copy of this letter as confirmation of the above agreement and return for our files.
Material cannot be released for delivery without a written order from the contractor.

Very truly yours,
Builders Iron Works
[Signed]   Joseph L. Caputo
John McCarthy

JMcC/dt
Accepted:
[Signed] Joseph G. Ragone
Continental Construction Company"

"May 6, 1955

Continental Construction Company
437 Main Street
Lynnfield Center, Mass.

Re:  French King Bridge

Gentlemen:
In accordance with my agreement with you we made over the telephone, we will furnish 10 x ½ plate in lieu of the 9½ x ½ plate for one side of the bridge. We will charge you for the difference in cost between the 10 x ½ at warehouse price as against the 9½ x ½ plate at mill price.
We also agree to work the men overtime on the expansion dam for half the bridge on each end and charge you for the overtime rate which should be approximately $200.00.

Very truly yours,
Builders Iron Works
[Signed] Joseph L. Caputo

JLC/dt
We agree to the above:
[Signed] Joseph G. Ragone
Continental Construction Company"

admitted it de bene.  Ragone testified that on or about March 25, 1955, he had a telephone conversation with the plaintiff during which Ragone had "stressed to . . . [the plaintiff] the importance of getting the work quickly started and of speedily completing the project . . . so as to enable the defendant to take advantage of the bonus clause in its master contract with the Commonwealth."  Ragone further testified that the parties had "also agreed that the plaintiff would be paid by the defendant in the same manner as the defendant was paid by the Commonwealth . . . and that the plaintiff would carry the insurance required by the specifications" for the job.  Evidence was also admitted de bene that the plaintiff had neither supplied the materials nor performed the work "as called on by the defendant" and by failing to do so had delayed the completion of the job with the result that the defendant lost the bonus it might have received had the plaintiff performed seasonably.

Thereafter, subject to the defendant's exception, the judge ordered struck from the record all the evidence admitted de bene "pertaining to the alleged terms and performance of the . . . oral agreement."

The governing principles of law are very familiar and need not be restated.  Unless the letters can be said to state the entire agreements of the parties, the excluded evidence should have been admitted.  *Glackin* v. *Bennett,* 226 Mass. 316, 319.  *Kerwin* v. *Donaghy,* 317 Mass. 559, 567–568, and cases cited.  We are of opinion that the letters did not state the entire agreements and that the excluded evidence was admissible.  Matters of importance which normally would be included in contracts of the sort under consideration would be the time when the plaintiff was to complete performance, the method of payment, provisions as to insurance, and the specifications and standards to be complied with.  None of the letters sheds any light on these matters.  This indicates, we think, that the parties never intended that the letters were to constitute their entire agreements.  In these circumstances extrinsic evidence was admissible.  *Peerless Petticoat Co.* v. *Colpak-Van Costume Co.* 273 Mass.

289, 292. *Kesslen Shoe Co. Inc.* v. *Philadelphia Fire & Marine Ins. Co.* 295 Mass. 123, 131. *International Business Mach. Corp.* v. *Quinn Bros. Elec. Co.* 321 Mass. 16, 19. *Cotty* v. *Meister*, 339 Mass. 202, 204–205.

*Exceptions sustained.*