*Southern District*
### GEORGE H. FERREIRA
### CONSTRUCTION COMPANY, INC.
v.
### MARY F. PINHO, d/b/a MARY'S LUNCH
and
### THE WAREHAM SAVINGS BANK
and
### THE FALMOUTH NATIONAL BANK, Trustees

*Present*: Nash, P. J., Lee & Owen, JJ.

Case tried to *Murphy, J.* in the First District Court of Barnstable. No. 18947.

*Nash, P. J.* In this action of contract the plaintiff seeks to recover from the defendant a balance of $10,500., including extras, claimed to be due for the building of a restaurant in Falmouth.

The issue revolves on a question of fact. It is whether, as the plaintiff contends, there was no special contract and that it is therefore entitled to recover on the basis of the fair value of the work including extras.

The judge found for the plaintiff in the sum of $2500.

It could have been found that during the Spring of 1960 the plaintiff orally agreed to build a restaurant for the defendant in the town of Falmouth. The price was $30,000. less an allowance of $3000. to the defendant for restaurant equipment. The plaintiff prepared specifications which are not included in the report. During the construction, plaintiff and defendant agreed to eliminate a bar for twenty-six persons and a bench behind the bar as well as partitions which were intended to separate the bar from the dining room. The fair value of the bar and bench

which were eliminated was $2400. By mutual agreement there was also eliminated a walk-in cooler worth $300. and one toilet for which no value is stated. Certain other modifications were also made. They were that certain windows were to be of thermopane glass and a room was to be increased in size. There were other changes that are not reported. It could have been found that it was agreed that payment for the changes was to be made by the savings on the work which had been eliminated.

The building was completed in July 1961. There was no default.

The plaintiff received $26,500. from the mortgagee out of which he paid the defendant $2000., allowance for the purchase of equipment. The plaintiff has, therefore, received $24,500.

The plaintiff's representative stated that he knew that he was working under an express contract until he had finished the building. Thereafter he sent the defendant a $1300. credit for work he had not done (the $1000. balance for equipment and the $300. for the walk-in cooler). He also sent bills for the balance and the extras which he now claims.

In addition to his finding for the plaintiff in the sum of $2500. as the balance due under the contract, the judge made the following special findings:

"I find that the plaintiff agreed to build a restaurant building in Falmouth, Massachusetts, for the defendant for the sum of $27,000.

"I find that during the course of the work certain changes were made in the contract, some items being eliminated from the original plans and other items being substituted or added in place thereof. I find these eliminations and additions were mutually agreed upon by the parties and I further find that the cost of any additions or substitutions is off-set by the elimination of the original items and that the original contract stands as modified.

"I find that the defendant paid on account of the contract price the sum of $24,500."

The judge's findings and decision were justified.

■ The contract, as modified by mutual consent of the parties, was oral. "The ascertainment of the terms and provisions of an oral agreement from the conversation of the parties and their conduct ordinarily presents a question of fact." *Goldstein v. Katz,* 325 Mass. 428, 430 and cases there cited; *Caputo v. Continental Construction Corp.,* 340 Mass. 15, 18.

■ A contract can also be modified before breach. *Contonis v. Medford Housing Authority,* 343 Mass. 108, 113, 114; *Skinner v. Tober Foreign Motors, Inc.,* 345 Mass. 429.

■ The contract, as modified, was entire requiring the builder to do everything necessary to complete the whole job for a definite lump sum. The builder can recover nothing beyond the contract price. In view of the judge's findings, which were warranted, the plaintiff's contention that it is entitled to have

what it says is the fair value of its work, including extras, cannot be sustained. The contract price must govern the amount of its recovery. That is the sum of $2500. which the judge has found to be due the plaintiff. *New England Insulation Co. v. Beacon Construction Co. of Mass., Inc.,* 342 Mass. 407, 411. See also *Rich v. Arancio,* 277 Mass. 310.

The plaintiff filed nine requests for rulings. The judge took no action on them. They must therefore be considered to have been denied. *Hogan v. Coleman,* 326 Mass. 770, 772. However, the plaintiff was not prejudiced by their denial. They were either requests for findings which the judge was not required to make or became immaterial because of the findings. *Daniel v. Jardin,* 320 Mass. 764; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524; or they assume facts which the judge did not find. *Fain v. Fitzhenry-Guptill Co.,* 335 Mass. 6. We have nevertheless considered the decisive issue in the case on its merits as though it had been properly raised by requests for rulings.

As we perceive no error of law, *an order should be entered dismissing the report.*

John W. Holland, Jr. and Francis W. Keating, both of Falmouth, for the Plaintiff.

Edward H. Stevens, of Brockton, for the Defendant.