VINCENT J. DiGREGORIO *vs.* COMMONWEALTH. August 8, 1980. The primary question on this appeal from a judgment dismissing the plaintiff's complaint is when the plaintiff's breach of contract action against the Commonwealth accrued for purposes of G. L. c. 260, § 3A, the three-year statute of limitations applicable to this action. The facts pertinent to this issue, as found by the trial judge, are that after a contract was entered in-

to with the plaintiff contractor, the Commonwealth terminated the contract on July 26, 1966. After termination, the Commonwealth required the plaintiff's surety company to complete the contract with a different contractor. Although the surety requested payment for sums earned by the plaintiff prior to termination, the Commonwealth refused to make payment until completion of the entire project. (The plaintiff's brief indicates that the surety company sued the Commonwealth within three years of the letter of termination but subsequently abandoned its action.) Completion occurred on September 15, 1967. This action was commenced on July 23, 1970, that is, within three years of completion, but more than three years from the date of termination.

Although the plaintiff alleges that the breach occurred at the time of termination in 1966, he contends, citing *Campanella & Cardi Constr. Co.* v. *Commonwealth*, 351 Mass. 184, 187 (1966), and *Marinucci Bros.* v. *Commonwealth*, 358 Mass. 806 (1970), that the cause of action did not arise until final completion of the project. He claims that he did not know until that time whether the Commonwealth would make payment at all and thus whether a cause of action would exist.

The plaintiff misconstrues the rules applicable to contract claims. A cause of action for breach of contract accrues at the time of the breach. *Campanella & Cardi Constr. Co.* v. *Commonwealth*, 351 Mass. at 185. This rule is applicable even if the amount of damages is unknown at the time of the breach and even though the damages may not be sustained until later. See *Boston Tow Boat Co.* v. *Medford Natl. Bank*, 232 Mass. 38, 40-42 (1919); 18 Williston, Contracts § 2021A (3d ed. 1978).

Nor is there anything in the *Campanella* or *Marinucci* decisions to the contrary. In *Campanella* it was not necessary for the court to pinpoint the exact time of the breach because even if it had occurred at the time of the later event, namely, when certain estimates under a statute (not here applicable) had been made, the period of limitations had expired. *Campanella*, 351 Mass. at 187. Similarly, *Marinucci* is not in point because the excess payment sought to be recovered in that case was regarded as "one of the continuing adjustments under the contract." 358 Mass. at 806. Contrary to the plaintiff's contention, he cannot rely on continuing payments under an entire contract, as in *Rich* v. *Arancio*, 277 Mass. 310, 313 (1931). In that case a builder working under an entire contract did not need to sue within the period of limitations for each progress payment but could wait until the entire contract was completed. Here, the plaintiff's contract was terminated in July, 1966, and he had no continuing relationship with the Commonwealth thereafter.

The contentions of the plaintiff that the Commonwealth waived or was estopped to raise the defense of the statute of limitations are without merit. The judge found that the assertion of the defense was seasonable, and the plaintiff has alleged no circumstances to indicate that the allowance by the motion judge of an amendment to the defendant's

answer to include such a defense was an abuse of discretion. See Mass.R. Civ.P. 15(a), 365 Mass. 761 (1974); *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 292 (1977).

*Judgment affirmed.*

*David S. Mortensen* for the plaintiff.
*William A. Mitchell,* Assistant Attorney General, for the Commonwealth.