Gershengorn, J.
This action arises out of a public construction contract entered into between defendant Cresta Construction, Inc. (“Cresta”) and third-party defendant, Commonwealth of Massachusetts. Plaintiff, Jim Walsh Plumbing Co., Inc. (“Walsh”), pursuant to G.L.c. 149, §29, asserts that Cresta owes it $60,556 for work performed under the parties’ subcontract. In response to Walsh’s claim, Cresta impleaded the Commonwealth as a third-party defendant and asserted various counterclaims against Walsh. In sum, Creta asserts that both Walsh and the Commonwealth are liable to Cresta for delay damages and bonus payments as well as other charges.
Cresta also seeks damages from Walsh’s insurance carrier, Commercial Union Insurance Co. Walsh and Commercial Union, pursuant to Mass.R.Civ.P. 56, have moved for summary judgment on Count I of Cresta’s counterclaim and the Commonwealth has moved for summary judgment on Count II of Cresta’s third-party complaint. For the reasons that follow, Walsh and Commercial Union’s motion for summary judgment is allowed and the Commonwealth’s motion for summary judgment is allowed.
BACKGROUND
The relevant facts pertinent to the disposition of the parties’ motions are not in dispute and can be briefly summarized. In August 1989, the Commonwealth and Cresta entered into a public contract for the Medfield State Hospital project. Subsequently, Cresta and Walsh entered into a subcontract for the HVAC work.
*30 The general contract between Cresta and the Commonwealth provided that if Cresta were to complete the project within 270 days from the notice to proceed or by May 18, 1990, Cresta was to receive bonus payments of $3,500.00 per day of early completion. The contract required Cresta to give 45% of the bonus payments to the subcontractors. The project was not completed until August 10, 1990, and neither Cresta nor the subcontractor received any bonus payments.
The general contract further provided that in lieu of actual damages for untimely completion of the project, Cresta could be assessed liquidated damages of $3,500.00 per day for each day the project remained uncompleted after 280 days.[1] Despite the fact that Cresta did not complete the project on time (i.e., May 18, 1990), the Commonwealth has not assessed any liquidated damages to date.
Moreover, the general contract contained ano delay damages clause, which provided,
Except as otherwise provided by law the contractor shall not be entitled to damages on account of any hindrances or delays, avoidable or unavoidable; but if such delay be occasioned by the awarding authority, the contractor may be entitled to an extension of time only, in which to complete the work, to be determined by the Designer.
Every contract subject to the provisions of section thirty-nine M of Chapter 30 or subject to section forty-four A of Chapter one hundred forty-nine shall contain the following provisions (a) and (b) in their entirely and, in the event of suspension, delay, interruption or failure to act of the awarding authority increases the cost of performance to any subcontractor, that subcontractor shall have the same rights against the general contractor for payment for an increase in the cost of his performance as provisions (a) and (b) give the general contractor against the awarding authority, but nothing in provisions (a) and (b) shall in anyway (sic) change, modify or alter any other rights which the general contractor or the subcontractor may have against each other.
(a) The awarding authority may order the general contractor in writing to suspend, delay, or interrupt all or any part of the work for such period of time as it may determine to be appropriate for the convenience of the awarding authority; provided however, that if there is a suspension, delay or interruption for fifteen days or more or due to a failure of the awarding authority to act within the time specified in this contract, the awarding authority shall make an adjustment in the contract price for any increase in the cost of performance of this contract but shall not include any profit to the general contractor on such increase; and provided further, that the awarding authority shall not make any adjustment in the contract price under this provision for any suspension, delay, interruption or failure to act to the extent that such is due to any cause for which this contract provides for an equitable adjustment of the contract price under any other contract provisions.
(b) The general contractor must submit the amount of a claim under provision (a) to the awarding authority in writing as soon as practicable after the end of the suspension, delay, interruption or failure to act and, in any event, not later than the date of final payment under this contract and except for costs due to a suspension order, the awarding authority shall not approve any costs in the claim incurred more than twenty days before the General contractor notified the awarding authority in writing of the act or failure to act involved in the claim.
Pursuant to Cresta and Walsh’s subcontract, the parties are bound by the provisions of the general contract. In particular, the subcontract provides,
(a) The Subcontractor agrees to be bound to the Contractor by the terms of the hereinbefore described plans, specifications (including all general conditions stated therein) and addenda No. 1, and 2, and to assume to the Contractor all the obligations and responsibilities that the Contractor by those documents assumes to the Commonwealth of Massachusetts hereinafter called the “Awarding Authority," except to the extent that provisions contained therein are by their terms or by law applicable only to the Contractor.
(b) The contractor agrees to be bound to the Subcontractor by the terms of the hereinbefore described documents and to assume to the Subcontractor all the obligations and responsibilities that the Awarding Authority by the terms of the hereinbefore described documents assumes to the Contractor, except to the extent that provisions contained therein are by their terms or by law applicable only to the Awarding Authority.
DISCUSSION
1. Cresta’s Claim for Bonus Payments
Cresta alleges that Walsh is liable for bonus payments because Walsh’s actions forced Cresta to unseasonably complete the contract and thus lose the bonus payments. Assuming arguendo that Walsh caused the completion of the contract to be delayed, Walsh is only liable to Cresta to the extent that contract provides for liability. The contract is silent as to this issue and plaintiff cannot point to any written specifications which trigger liability for missed bonus payments. Absent an affirmative demonstration that Walsh undertook liability for the bonus payments or that the subcontract was premised on the bonus payments, see and compare Caputo v. Continental ConstructionCorp., 340 Mass. 15 (1959) (oral evidence that subcontract required subcontractor to speedily complete project so as to allow contractor to take advantage of bonus clause in general contract with *31 Commonwealth improperly excluded as proffered subcontract did not constitute entire agreement between parties),[2] Cresta is bound by the clear terms of the contract. See Fred H. McClean Heating Supplies, Inc. v. Jefferson Construction Co., 339 Mass. 356, 362-63 (1959); Erickson v. George B.H. Mcucomber Co., 211 Mass. 311, 318 (1912).
Furthermore, Cresta in its third-party complaint, asserts a claim against the Commonwealth for bonus payments. Simply put, Cresta failed to complete the project on time and thus has no claim for any bonus payments. The bonus payment provisions are clear and straightforward: the bonus shall only be paid if the contractor completes the project in fewer than 270 days and if, for any reason, the contractor is delayed, no bonus is due. (See Walsh Ex. 4 & 5.)[3]
2. Cresta’s Claim for Delay Damages
Cresta, in Count I of its counterclaim, seeks delay damages from Walsh. To this claim, Walsh asserts that the “no damages for delay” provision bars Cresta’s action, and alternatively, that because the Commonwealth did not assess liquidated damages against Cresta, Cresta cannot recover delay damages from Walsh. The no delay damages clause at issue is a creature of statute. G.L.c. 30, §390 (see supra for the provisions of the statute). As between a contractor and the Commonwealth, the clause precludes an award of damages on account of delay. B.J. Harland Electrical Co. v. Granger Brothers, Inc., 24 Mass.App.Ct. 506, 509 (1987) rev. denied 400 Mass. 1105 (1987), 401 Mass. 1101 (1982), and cases cited. Similarly, the clause prohibits subcontractors from asserting such claims against the general contractor. Id. at 514. The no damages for delay clause is incorporated into the subcontract between Cresta and Walsh. See id. at 509; Whittle v. PaganiBrothers Construction Co., 383 Mass. 786, 799 (1981) (incorporating indemnification language of general contract into parties’ subcontract). Thus, as to a subcontractor, the contractor stands in the Commonwealth’s shoes to the extent the terms of the contract are not applicable solely to the contractor.
Although our appellate courts have not addressed the issue of whether a general contractor can assert a delay damage claim against a subcontractor, this court finds that the no delay damages provision bars all claims for delay damages. The contract must be construed as a whole. “Contracts are made to be performed, and it must be held that the parties intended to enter into a complete and final arrangement under such terms and conditions as would create and define their obligations and would enable them to accomplish their contemplated aims and objects. With this end in view, every phrase and clause must be presumed to have been designedly employed, and must be given meaning and effect, whenever practicable, when construed with all the other phraseology contained in the instrument, which must be considered as a workable and harmonious means for carrying out and effectuating the intent of the parties.” B.J. Harland Electrical Co., supra at 514, quoting Charles I. Hosmer, Inc. v. Commonwealth, 302 Mass. 495, 501 (1939). The no damages for delay provision is comprehensive and provides for damages subject to the limitations of the contract. See B.J. Harland Electrical Co., supra at 509. The parties agreed that there were to be no delay damages and the parties are bound by their agreement. Accordingly, Cresta is not entitled to any delay damages from Walsh.
Finally, Walsh is liable for liquidated damages only to the extent Cresta is liable to the Commonwealth for such damages. See United States for Control Systems v. Arundel Corp., 814 F.2d 193, 196 (5th Cir. 1987). As Cresta has not incurred any liability for liquidated damages, Walsh is not yet liable on this claim. Indeed, the liquidated damages provision is designed to compensate the Commonwealth for not having a completed building, rather than compensate a general contractor for delays.[4] The contract bars delay damages and a party cannot circumvent this prohibition and seek liquidated damages in their place. Accordingly, Walsh’s motion for summary judgment as to Count I of Cresta’s counterclaim is allowed.
Moreover, Cresta seeks delay damages from the Commonwealth based on the assertion that the Commonwealth acted in bad faith in providing Cresta the plan specifications. Regardless of whether the Commonwealth’s actions were arbitrary and capricious, see Wes-Julian Construction Corp. v. Commonwealth, 351 Mass. 588, 597 (1967), or rose to the level of bad faith, see Marsch v. SouthernNew England R.R., 230 Mass. 483, 495-96 (1918), the provisions of the contract absolutely bar any claim for delay damages.[5] Wes-Julian Construction Corp., supra at 597. Accordingly, Cresta’s claim for delay damages is without merit.
ORDER
This court ORDERS that Walsh’s motion for summary judgment is ALLOWED, Commercial Union’s motion for summary judgment is ALLOWED and that the Commonwealth’s motion for summary judgment is ALLOWED.

he contract provided a 10-day grace period in which Cresta could finish the project without incurring liquidated damages.

Caputo is not applicable in the instant case because the court found that the parties had not entered into a formalized subcontract; rather, the agreement consisted of three brief letters. Thus, the court held that oral evidence was admissible to provide the essential terms of the contract. Here, the general contract and subcontract are quite detailed and constitute the entire agreement between the parties.

Clearly, Section 01320 of the specifications disposes of Cresta’s claim to any bonus, as the contract provides that a “time extension shall in no event be considered for the purpose of calculating whether a bonus is due .. . regardless of whether is due to . . . any delay . . . caused by the [Commonwealth].” (Walsh Ex. 5.)

As the contract has separate sections for liquidated damages and delay damages, the liquidated damages provision is a separate remedy for the Commonwealth, rather than a supplement to the contractor. See Baybank Middlesex v. 1200 Beacon Properties, Inc., 760 F.Supp. 957, 964 (D.Mass. 1991) (court will permit recovery under alternate remedies where intention of parties, expressed through terms of contract, liquidates some but not all of damages).

In Farina Brothers Co. v. Commonwealth, 357 Mass. 131 (1970), the court distinguished Wes-Julian and Marsch, and held that the Commonwealth’s unreasonable failure to grant a seasonable extension subjected the Commonwealth to liability for the contractor’s damages. The case at hand deals with pure delay damages and thus Farina is not applicable.