Agnes, Peter W., J.
The plaintiffs, Kenneth and Marion Kniskern (“the Kniskerns"), bring this action against the defendants, James and Sandra Mayer (“the Mayers”) seeking declaratory relief pursuant to G.L.c. 231A, §§1-2 or G.L.c. 240, §10A from a restriction contained in an agreement between the parties. The Mayers filed a counterclaim for breach of contract and for violations of G.L.c. 93A. For the reasons stated below, both parties’ motions are ALLOWED in part and DENIED in part.

BACKGROUND

The Kniskems owned two adjacent parcels of land (“Parcels A and B”) in Shrewsbury. Parcel A contained a large farmhouse and bam, and Parcel B was an undeveloped lot. In 1995, they sold Parcel A to the Mayers. They also gave the Mayers a right of first refusal to purchase Parcel B. The Kniskems claimed that at the time of the sale, all parties agreed orally that Parcel B would remain undeveloped. Thereafter, the Kniskems learned that the Mayers intended to build on Parcel B. In 1997, the Mayers, just prior to the expiration of their right of first refusal, informed the Kniskems that they wished to purchase Parcel B. The Kniskems highlighted the building restriction on the land from their previous oral agreement. Then, on July 24, 1997, the parties entered into a written waiver and release agreement, under which the Mayers waived their right of first refusal and the Kniskems agreed to a no-build restriction, such that no future buyers could build on the parcel for the next fifteen years. This agreement was not recorded with the Worcester District Registry of Deeds.[1]
Since then, the Mayers have moved and are no longer the owners of Parcel A. The Kniskems now seek to sell Parcel B without the no-build provision, and have had several offers. Although the Mayers no longer live on the adjacent property, they still wish to enforce the no-build provision of the 1997 contract. The Kniskems contend that the Mayers received the full benefit of the no-build provision, meaning that the land remained vacant for the entire time that they lived on the neighboring lot. They state that they understood that the no-built provision would last only as long as the Mayers were abutters to Parcel B. The Kniskems have been unable to sell Parcel B, due to the uncertainty about the restriction on the land.

DISCUSSION

I. Summary Judgment Standard

Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by *496 demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

II. Enforcement of the No-Build. Provision

The no-build restriction is enforceable between the parties to the agreement. In Massachusetts, it is “elementary that an unambiguous agreement must be enforced according to its terms.” Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992); Curtis v. Surrette, 49 Mass.App.Ct. 99 (2000). The waiver and release agreement signed by all parties, states that the Kniskems promise to “include in any deed [to Parcel B] a restriction whereby any purchaser shall, for a period of fifteen (15) years, not erect or construct any permanent structure on said lot.” This provision is not ambiguous; it means that the Kniskems may not sell Parcel B to any purchaser without adding the no-build restriction to the deed. With no ambiguity, the court must abide by the plain language of the contract and declare that the restriction is valid between the parties. The contract here does not implicate any public policy concerns. See McLaughlin v. Amirsaleh, 65 Mass.App.Ct. 873, 881 (2006).
There is no need to consider the Kniskems’ argument that the covenant does not ran with the land. The dispute in this case is contractual in nature. The land at issue, Parcel B, has not changed owners. The Kniskerns owned the lot at the time of the signing, and they remain the owners of it today. Parcel A has changed owners; the Mayers owned and later sold it. However, the waiver and release agreement does not say that the ownership of parcel A has any bearing on the no-build restriction on Parcel B. There is no dause stating that this contract expires if the Mayers sell their property. The court is not at liberty to add such a provision, even though one seems sensible and fair. The party seeking enforcement of the restriction is the party for whose benefit it was created. See G.L.c. 184, §27(a).
Similarly, the Kniskerns’ subjective understanding of the contract is insignificant. Parties’ “subjective contemplations are immaterial where the agreement is unambiguous.” Coll v. P.B. Diagnostic Systems, Inc., 50 F.3d. 1115, 1122 (1st. Cir. 1995) (applying Massachusetts law). Also, “The parol evidence mle precludes evidence of earlier or contemporaneous discussions that would modify the provisions of a later integrated agreement which the proponent of the agreement seeks to enforce.” New England Financial Resources, Inc. v. Coulouras, 30 Mass.App.Ct. 140, 145 (1994). Thus, the Kniskerns have presented no evidence to support their argument that the court should not enforce the plain language of the contract.

III. Counterclaims

The Kniskerns are entitled to summary judgment on the Mayers’ counterclaims. The breach of contract claim is barred by the statute of limitations. The statute of limitations on a contract claim is six years from the time of accrual. G.L.c. 260, §2. Accrual occurs at the time of the breach. DiGregorio v. Commonwealth, 10 Mass.App.Ct. 862, 862 (1980). This mle governs “even if the amount of, damages is unknown at the time of the breach and even though the damages may not be sustained until later.” Id. The Mayers’ breach of contract claim refers to the right of first refusal agreement.[2] In 1997, the Mayers were made aware of the Kniskerns’ unwillingness to allow them to purchase Parcel B. Regardless of their subsequent waiver and release agreement, the Mayers were put on notice of the breach in that year. They did not file a counterclaim until 2006. As such, their claim is untimely.
Further, the Mayers’ 93A claims are barred as well. This statute is a consumer protection law, designed to be used against businesses. It does not apply to a sale of a home between two private parties. Lantner v. Carson, 374 Mass. 606, 610 (1978). The Kniskerns are two private individuals, not in the business of selling homes. Consequently, the Mayers’ 93A claim against them must fail.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ motion is ALLOWED with respect to the plaintiffs’ claims and DENIED with respect to its counterclaims; and the plaintiffs’ cross motion is ALLOWED with the respect to the defendants’ counterclaims and DENIED with respect to its claims. It is hereby declared that by virtue of the agreement between the parties made on July 24, 1997, the parties have agreed and are bound by a contract that the plaintiffs will not sell the land herein described as Parcel B without including a no build restriction in the deed for a period of time up to and including July 24, 2012, unless the parties agree otherwise. Questions about the efficacy of this agreement with respect to the potential interests of other persons who are not parties to it and the potential duration of any such no-build restriction are not before the court. See G.L.c. 184, §23; Boyzolotti v. Hayden, n.11 (May 21, 2007).

The “no-build” restriction is set forth in the written agreement between the parties. See Exhibit G to the Affidavit of Sandra Mayer in support of the Defendant’s Motion for Summary Judgment. It provides, in part, that the seller agrees for a period of fifteen years after June 24, 1997 to include a restriction in any deed for parcel B that prohibits the purchaser from erecting or constructing any “permanent” structure on the lot except for non-permanent structures “for recreational use by children.”

At this time, the Mayers have no cause of action under the waiver and release agreement, since the Kniskems remain in compliance with that contract. If the Kniskems were to violate that agreement and sell Parcel B without a no-build clause, then the Mayers could bring a new cause of action for breach. However, their damages would not be the sum by which Parcel B has appreciated since 1997, as they, in their memorandum, imply that it would be. Using that figure to represent the Mayers’ damages requires reference to their anticipated ownership of Parcel B under the right of first refusal. For reasons stated above, the Mayers may not recover for violation of the agreement.