Curran, Dennis J., J.
After hearing, the plaintiff Regency Construction & Management, Inc.’s motion in limine No. 1 is ALLOWED, and the defendant BBC Company is hereby precluded at trial from asserting certain damages arising from back charges numbered 0025, 0028 and 0029, the latter two charges totalling $28,800 and $103,000, respectively. The following reasons apply.
DISCUSSION
G.L.c. 30, Section 390 prohibits a general contractor from asserting damages on account of delay against the Commonwealth. Similarly, the provision precludes subcontractors from asserting such claims against general contractors. See B.J. Harland Electric Co. v. Granger Brother, Inc., 24 Mass.App.Ct. 506, 514 (1987).
The plaintiff argues that such a clause is incorporated into the subcontract between Regency and BBC. In response, BBC asserts several interesting reasons for non-incorporation (i.e. Article 14.2 permits recovery of “direct, indirect and inconsequential damages,” the subcontract contains no such express prohibition, and Regency’s breach precludes its reliance on this protective clause), although it concedes that “no [Massachusetts] appellate court. . . has held that G.L.c. 39, section 390 precludes[1] a general contractor from seeking delay damages against a subcontractor.” To the contrary, at least one member of the Superior Court has determined that no such delay damages are permitted. See Jim Walsh Plumbing Co., Inc. v. Cresta Contraction, Inc., 3 Mass. L. Rptr. 29 (1994) (Gershengom, J.).
This much is clear. The law prohibits:
a general contractor from asserting delay damages against the Commonwealth;
a subcontractor from making such claims against a general contractor.
Why then, should there be an exception to these general principles carved out to permit a contractor to assert such claims against its subcontractors? Put another way, what makes the general contractor so special in this regard?
From a policy perspective, it makes no sense to allow a general contractor to exert such economic power over, by general definition, far smaller and more financially vulnerable entities. From a legal standpoint, Justice Gershengorn’s analysis is as sound today as it was thirteen years ago:
... [T]he no delay damages provision bars all claims for delay damages. The contract must be construed as a whole . . . (E)veiy phrase and clause must be presumed to have been designedly employed and must be given meaning and effect, whenever practicable . . . The no damages for delay provision is comprehensive . . . The parties agreed that there were to be no delay damages and the parties are bound by that agreement.
ORDER
For the foregoing reasons, the defendant BBC is precluded at trial from asserting, claiming or offering evidence of back charges numbered 0025, 0028 and 0029, the so-called “delay damages.”

Conversely, no appellate case permits it. (This footnote does not appear in original.)