The plaintiff appeals from the dismissal of its first amended complaint (complaint) pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and the denial of its motion for leave to file a second amended complaint. The plaintiff argues: first, that the motion to dismiss should have been denied because the plaintiff's claims were not barred by the statute of limitations; and second, that the plaintiff should have been allowed to amend the complaint by adding a plaintiff. We affirm.
We briefly summarize the facts as laid out in the complaint.[3] The defendant Dial Information Services, Inc. (Dial) hired the plaintiff to create and develop a social networking Web site.[4] The parties entered into a verbal agreement that the plaintiff would develop the Web site "at cost" and in return would receive twenty percent of the revenue from the Web site. This agreement was memorialized in an "Agreement/Letter of Understanding" created and signed by the plaintiff but never signed by Dial.
In August of 2001, after the Web site was complete, Dial terminated its relationship with the plaintiff and paid the plaintiff $200,000 for the costs the plaintiff incurred. From 2001 to 2006, the plaintiff attempted to obtain payment from Dial in accordance with the revenue sharing agreement it had entered into with Dial. In December of 2006, Dial advised the plaintiff that the Web site was operational but not profitable. Because Dial was not a public company, the plaintiff could not confirm that information. Sometime in 2012, however, the plaintiff learned that the Web site had, in fact, been profitable in 2006.
The plaintiff brought suit against Dial in February of 2016, alleging breach of contract, unjust enrichment, breach of fiduciary duty, and unfair trade practices. The complaint, filed in April, 2016, contained the same allegations. Upon Dial's motion, the judge dismissed the plaintiff's complaint as time barred. On appeal, the plaintiff claims that the judge erred in this determination. We review the allowance of a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) de novo. Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). We address each count of the plaintiff's complaint in turn.
The statute of limitations for breach of contract is six years. G. L. c. 260, § 2. "A cause of action for breach of contract accrues at the time of the breach. This rule is applicable even if the amount of damages is unknown at the time of the breach and even though the damages may not be sustained until later." DiGregorio v. Commonwealth, 10 Mass. App. Ct. 861, 862 (1980) (citation omitted). Since 2001, Dial has refused to pay the plaintiff any portion of the revenue generated by the Web site; in 2006, Dial made that refusal explicitly clear. Even though the plaintiff did not know what damages, if any, it was entitled to, it reasonably knew for at least ten years before filing suit that Dial was refusing to pay; yet it did not file a complaint during that time. This claim is, therefore, time barred.
The statute of limitations for unjust enrichment based in a tort claim and for breach of fiduciary duty is three years. G. L. c. 260, § 2A. Assuming (without deciding) that a fiduciary relationship existed between the parties, when a party "fraudulently conceals a cause of action" from the party to which it owes a fiduciary duty, the statute of limitations begins to run once the owed party has actual knowledge of the breach. Demoulas v. Demoulas Super Mkts, Inc., 424 Mass. 501, 519-521 (1997). The plaintiff had actual knowledge of the claimed breach no later than 2012 when it learned that the Web site was profitable but that Dial was not sharing any portion of those profits with the plaintiff. At the very latest, the plaintiff knew in 2012 that Dial was unjustly enriched by the plaintiff's work product. However, the plaintiff did not bring this suit until 2016, four years later. These claims are also, therefore, time barred.
The statute of limitations for a violation of G. L. c. 93A, § 11, is four years. G. L. c. 260, § 5A. The plaintiff argues that Dial's termination of the agreement in 2001 and misrepresentation of its profitability from 2001 to 2006 were unfair and deceptive acts. These acts took place more than four years before the plaintiff filed its complaint, so this claim, like the others, is time barred.
Because all of the claims are time barred and the complaint was properly dismissed, the judge properly denied the motion to amend the complaint by adding a plaintiff.[5]
Corrected judgment of dismissal affirmed.
Order denying motion to file second amended complaint affirmed.

We accept the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Iannacchino v. Ford Motor Co., 451 Mass. 623, 625 n.7 (2008).

The principals of Dial formed Online Buddies, Inc. to operate the Web site. For ease, we refer to both entities as Dial.

Dial's request for appellate attorney's fees is denied.